UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Mag. No. 19-1039 (AMD) |
| | : | |
| v. | : | |
| | : | |
| SARAH TALIAFERRO | : | |

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court on the application of the United States and the Defendant in the above-captioned matter by and through the undersigned counsel, for a protective order, the parties respectfully request that the Court issue an Order in the form set forth below. The parties state as follows:

1.	The Defendant is presently charged by criminal complaint with knowingly and intentionally conspiring and agreeing with others, known and unknown, to distribute and to possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and in violation of Title 21, United States Code, Section 846.

2.	The discovery materials in this case are voluminous, consisting of, among other things: numerous communications intercepted pursuant to court-authorized wiretaps, draft transcripts, wiretap applications, orders, affidavits, and related papers, which remain partially sealed by separate court order allowing for discovery and use in connection with this case; pen register/trap and trace applications and orders; telecommunication records; precise location data; pole camera surveillance recordings; laboratory reports; investigative reports; physical items seized during the investigation; and photographs.

3.	In order to further plea discussions, the United States seeks to voluntarily share with defense counsel certain materials among those described above. The parties recognize that

the United States' decision to share these materials at this very early stage in the proceedings is purely voluntary, and that the United States is under no obligation – whether under Rule 16, or under any other rules, statutes, or case law – to provide pre-Indictment discovery to defendants.

4. Undersigned counsel for the Defendant, the Defendant through his counsel, and all other individuals identified in paragraph 8, by and through counsel for the Defendant, consent to the protection of such pre- Indictment discovery materials on the terms set forth below.

5. The pre-Indictment discovery materials the United States seeks to provide to counsel for the Defendant include the personal identifying information of defendants, witnesses, and presently uncharged parties, including but not limited to names, Social Security numbers, dates of birth, phone numbers, physical addresses, and drivers' licenses, as well as sensitive, non-public information gathered during the course of the investigation, some of which relates to criminal conduct of presently uncharged parties and potentially identifying information regarding conduct by confidential human sources and other cooperating individuals, but excludes information contained in charging documents or information otherwise already made public by the Government or routinely made available after Indictment by the Government to the defendant. (hereinafter, "Protected Information").

6. The defense understands and accepts the limited purposes for which it may use these pre-Indictment discovery materials. The defense will not make any other use of these materials, and agrees not to share them with any other individual or party outside of the authorized persons identified in paragraph 8, and subject to the terms and limited exceptions set forth herein.

7. The parties recognize that there is a significant possibility that disclosure of the Protected Information would be detrimental to defendants, witnesses, presently uncharged parties, and confidential human sources. Given the risks posed by disclosure and the prevalence of

Protected Information throughout the discovery materials, all discovery materials are to be treated as Protected Information.

8. Access to Protected Information will be restricted to the Defendant and his attorneys of record, and those attorneys' associated paralegals, investigators, experts (retained pursuant to a written retainer agreement by the Defendant and/or his counsel in connection with the criminal case), secretaries employed by the attorneys of record or their experts or investigators and performing services on behalf of the Defendant, and such other persons as hereafter may be authorized by the Government or the Court upon motion by the defense. Protected Information may not be provided to or remain in the custody of prospective witnesses or other unauthorized persons, and to the limited extent set forth below in sub-paragraphs 9.d. and 9.e., may not be provided to or remain in the custody of the Defendant.

9. The following restrictions apply to the individuals designated above in paragraph 8 unless further ordered by the Court. The above-designated individuals shall not:

   a. Disseminate copies of Protected Information to persons not authorized in paragraph 8;

   b. Allow persons not authorized in paragraph 8 to read, view, or listen to Protected Information;

   c. Use Protected Information for any purpose other than plea negotiations or preparing for the Defendant's defense in this case (i.e., for proffer meetings, hearings, motions, applications to the Court made on behalf of the Defendant, or trial);

   d. Allow the Defendant to possess, if provided by the United States, covert video recordings made in connection with the investigation in this case, or still images

from those video recordings to the extent those images show identifying features of confidential human sources (i.e., his or her face);

e. Provide the Defendant unredacted hard copies of wiretap applications, affidavits, orders, progress reports (i.e., 10-day reports), or sealing papers, to the extent provided by the United States; the Defendant, if detained, may, however, view electronic copies of unredacted wiretap materials, to the extent provided by the United States, stored on a compact disc using computers in the library of the Federal Detention Center ("FDC") in Philadelphia or in any other detention facility in which he may be held, provided that the compact disc is not removed from the library and otherwise remains in the custody and control of designated staff members at the FDC or other detention facility; the Defendant, if not detained, may view copies of unredacted wiretap materials, to the extent provided by the United States, at the Defendant's attorneys' office, or elsewhere if appropriate, while in the presence of the Defendant's attorneys or their investigators, experts or staff as described in paragraph 8, provided that the copies remain in the custody and control of the Defendant's attorneys, and are otherwise handled in adherence with the restrictions set forth herein;

f. With respect to the Defendant specifically, duplicate any discovery materials, whether by photocopy, photograph, writing, or otherwise, except that the Defendant may take notes for the limited purpose of assisting in his defense, so long as those notes are not disseminated or shown to persons other than authorized persons identified in paragraph 8 and do not amount to duplicates of materials protected herein.

10.     The Defendant's attorneys shall inform any person to whom disclosure may be made, pursuant to this Order, of the existence and terms of this Court's Order. The Defendant's attorneys shall provide that person a copy of this Order. The designated person shall be subject to the terms of this Order. Defense counsel shall maintain a record of all such persons who have received Protected Information, which record shall be provided to the Government upon request.

11.     Authorized persons identified in paragraph 8 may not disclose Protected Information to any unauthorized person unless the Defendant and/or his counsel makes a written request to the Government for an exception to these restrictions, and such a request is granted. If such exceptions are refused, the Defendant and/or his counsel may seek relief from the Court.

12.     Authorized persons identified in paragraph 8 shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third party in violation of this Order. In the event of any inadvertent disclosure of Protected Information, counsel for the Defendant shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Protected Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Information.

13.     The requested restrictions shall not restrict or limit the future use or introduction as evidence of discovery materials containing Protected Information during hearings or trials in this matter, if the inclusion of such information is relevant and otherwise admissible pursuant to the Federal Rules of Evidence and in compliance with any applicable Local Rules or in motions, or applications filed with the Court under seal, if believed to be relevant to the legal issues associated with said motions or applications.

14. This stipulation is binding on all future and successor counsel, and applies to Protected Information disclosed to the defense prior to the date of the Order below.

15. The Defendant and/or his counsel agree that they have no ownership or proprietary interest in the materials subject to the below Order. Upon conclusion of this litigation (i.e., when the Defendant has exhausted any right of direct appeal from any judgment and conviction resulting from a trial or guilty plea), the Defendant's attorneys shall return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all materials containing Protected Information within a reasonable time, not to exceed sixty (60) days after the conclusion of the litigation, including the exhaustion of any and all appeals.

Dated: 7-29-19

Camden, New Jersey

IRA SLOVIN, Esq.
Attorney for the Defendant

Form and entry consented to:

CRAIG CARPENITO
United States Attorney

/s/ Martha K. Nye

MARTHA K. NYE
Assistant United States Attorney

**ORDER**

IT IS SO ORDERED

this 31st day of July 2019.

Camden, New Jersey

HONORABLE ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE